46 So.2d 503

## BLACKSHEAR v. STATE.

### 4 Div. 99.

Court of Appeals of Alabama.
May 9, 1950.

Richard T. Rives, of Montgomery, and Douglas Brown, and Val L. McGee, of Ozark, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant stands convicted of murder in the second degree, this being the second time this case has been before this court. See Blackshear v. State, 33 Ala. App. 576, 36 So.2d 244, certiorari denied, 251 Ala. 11, 36 So.2d 250.

The two points which we considered as erroneous in the first appeal sufficient to cause a reversal pertained to the ruling of the lower court preventing the admission of testimony tending to show bias on the part of the State's witness King toward appellant, and the overruling of defendant's objections to questions addressed to defense witness Julian Blackshear as to whether he had ever been convicted of violating the Internal Revenue Act.

The defense was permitted to introduce several witnesses in the second trial whose testimony tended to establish bias on the part of the witness King. Nor was Julian Blackshear examined in the second trial relative to any prior conviction for violation of the Internal Revenue Act.

Otherwise, the evidence in this second trial is substantially the same as that introduced in the first trial, and fully set forth in the opinion on the first appeal. We will not repeat that evidence here. If the evidence introduced by the State be believed by the jury under the required rule, it was amply sufficient to establish every material ingredient of the offense charged.

Very few rulings by the trial court were invoked in the proceedings below. In every instance the ruling was in appellant's favor, or else was patently correct and based on long settled principles of law. No discussion is indicated.

A large number of written charges requested by appellant were given by the court below, while some eight such charges were refused. No error infects the refusal of these charges as they were either covered by the very adequate oral charge given by the court, or by the written charges that were given at appellant's request, or contained faults justifying their refusal.

Being clear to the conclusion that this record is free of error probably injuriously affecting the substantial rights of this appellant this cause is ordered affirmed.

Affirmed.